**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| PAMELA DOCKEN, | Civil No. 08-4952 (JRT/SRN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| THE STATE OF MINNESOTA, | |
| Defendant. | |

Mark A. Greenman, **LAW OFFICE OF MARK A. GREENMAN**, 10 South Fifth Street, Suite 700, Minneapolis, MN 55402, for plaintiff.

Sarah A. McGee, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, Bremer Tower, Suite 1100, 445 Minnesota Street, Saint Paul, MN 55101-2128, for defendant.

Plaintiff Pamela Docken alleges that she has been repeatedly denied employment with defendant State of Minnesota (the "State") because she previously brought a lawsuit against the State under the Family Medical Leave Act ("FMLA"). Docken alleges that this conduct violates the FMLA and constitutes negligent infliction of emotional distress. The State now moves to dismiss Docken's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons given below, the Court grants the State's motion as to Docken's claim for negligent infliction of emotional distress and denies the motion as to Docken's claim under the FMLA.

## BACKGROUND

In May 1998, Docken began working as a Grant Administrator with the Minnesota Department of Public Safety. (Compl., Docket No. 1, Ex. A, ¶¶ 2, 6; Ex. B.) In June 1999, Docken's father suffered a stroke in Mexico. (Compl., Docket No. 1, Ex. A, ¶ 6.) Docken submitted a request for leave under the FMLA. (*Id.*, ¶¶ 7-9.); *see also* 29 U.S.C. § 2612(a)(1)(C) (stating that the FMLA provides for leave to care for a parent with a "serious health condition"). The State denied Docken's request and Docken resigned. (*Id.*, ¶¶ 10-11.)

In 2001, Docken brought a lawsuit against the State, alleging that the State's conduct during her father's illness violated her rights under the FMLA. (Compl., Docket No. 1, ¶ 2.) After several of Docken's claims survived summary judgment, (*see Docken v. Minnesota*, No. 01-1106, Docket No. 32 (D. Minn. May 22, 2003)), the parties settled the case in September 2004. (*Id.*, ¶ 2.)

Docken alleges that since "late 2005" she has "applied for over one hundred (100) positions at the State for which she was qualified." (*Id.*, ¶ 6.) She alleges that despite her "excellent employment record," she has received "no response" from the State.[1] (*Id.*,

---

[1] Docken's resume is attached to her Complaint. (Compl. Ex. B.) Evaluating whether she is actually qualified for any particular job is beyond the scope of this motion. For background purposes, however, the Court notes that Docken was an Office Manager for Minnesota's Crime Victim's Services for approximately three years; she was a Grant Administrator for the Department of Public Safety for approximately a year (before her resignation); and she spent more than eight years as the President of a dinner theatre in Little Canada, Minnesota. (*Id.*) She has a Bachelor's Degree in Psychology with a minor in Criminal Justice from Metropolitan State University, an Associate's Degree in Communications with a minor in Criminal Justice from Century College in White Bear Lake, Minnesota, and indicates that she is presently enrolled in a master's program in Family and Marriage Counseling at the Alfred Adler Graduate School in Hopkins, Minnesota. (*Id.*) She also notes letters of recognition

(Footnote continued. on next page.)

¶¶ 4-5.) Docken alleges that the reason for this silence is that she has been "blackballed" because of her previous lawsuit. (*Id.*, ¶ 7.)

Docken brought this action on August 18, 2008, alleging violations of the FMLA and a state law claim for negligent infliction of emotional distress. (Compl. ¶ 8-14.) Docken alleges that the State's FMLA violations were willful. (*Id.* ¶ 10.)

## ANALYSIS

### I. STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In short, a plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 1974.

_____

(Footnote continued.)

from Governors Perpich and Ventura for her work with the state. (*Id.*) The record contains a list of 66 state jobs she has applied for. (*See* Greenman Decl., Ex. 9, at 8-17.) They range from Executive Director of the Teachers Retirement Association, with an annual salary of $82,500 to $99,950, to an Intermediate Customer Services Specialist at Minnesota State Colleges and Universities, with an hourly wage of $13.08 to $17.33. (*Id.*)

**II. FMLA**

Under the FMLA, an eligible employee is entitled to twelve weeks of unpaid leave during any twelve-month period for any of several reasons, including the need "to care for [a] parent . . . if such . . . parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(D). An employer is prohibited from interfering with, restraining, or denying an employee's exercise of or attempted exercise of this right. 29 U.S.C. § 2615(a)(1). Employers are also prohibited from "discriminat[ing] against any individual for opposing any practice" barred under the FMLA. § 2615(a)(2). Docken brings a claim under § 2615(a)(2), arguing that the State has "blackballed" her from further state employment in response to her 2001 lawsuit.

**A. Statute of Limitations**

The statute of limitations for ordinary violations of the FMLA is two years, and the statute of limitations for willful violations is three years. 29 U.S.C. § 2617(c)(1)-(2). The State argues that any adverse actions that happened before August 18, 2006, are time-barred because Docken has not made a plausible allegation of willfulness.[2] Docken responds that her allegations are sufficient to survive a motion to dismiss.

Rule 9(b) of the Federal Rules of Civil Procedure states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). For FMLA cases, that means that a plaintiff can carry a willfulness claim beyond the Rule 12 stage merely by alleging that the employer's violation was willful.

---

[2] Docken indicated at the hearing that she agrees that she cannot base her claims on adverse acts occurring before August 18, 2005.

*See Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004) ("Because a plaintiff's factual allegations must be taken as true for purposes of deciding a Rule 12(b)(6) motion to dismiss, a plaintiff may withstand such a motion merely by having alleged that the FMLA violation was willful."); *see also LePage v. Blue Cross & Blue Shield of Minn.*, No. 08-584, 2008 WL 2570815, at *3 (D. Minn. June 25, 2008) (applying the same principle to willfulness claims brought under the FLSA). Docken has made such an allegation here. Accordingly, the Court denies the State's motion to dismiss to the extent that it seeks to eliminate claims based on events that occurred between August 18, 2005, and August 18, 2006.

B. **Causal Connection**

Docken may prove her FMLA claim in one of two ways. First, she may provide direct evidence of retaliation. *See Phillips v. Mathews*, 547 F.3d 905, 912 (8th Cir. 2008). If she has no direct evidence, she must proceed under the *McDonnell Douglas* burden-shifting framework. *Id*. To make out a prima facie case under *McDonnell Douglas*, Docken must "show that she exercised rights afforded by the Act, that she suffered an adverse employment action, and that there was a causal connection between her exercise of rights and the adverse employment action." *Id*. (internal quotation marks omitted).[3]

---

[3] If Docken is able to make out a prima facie case, the burden shifts to the State to come forward with evidence of a legitimate, nondiscriminatory reason for the adverse action. *Phillips*, 547 F.3d at 912. If the State meets this burden, Docken must then come forward with evidence that creates an issue of fact as to whether the asserted reason was pretext for discrimination. *Id*.

The State argues that Docken cannot make out a prima facie case because she cannot establish a causal link between the filing of her lawsuit and the State's repeated decisions not to hire her. The State argues that the first instances of alleged retaliation that are not time-barred happened in August 2006, approximately twenty-three months after the settlement of Docken's lawsuit. The State contends that this time gap "negates any inference of causation as a matter of law." (Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 9.) Docken responds that she has stated a plausible claim and that the State's motion is premature.

As an initial matter, the Court notes that because Docken has adequately alleged willfulness, the time gap cited by the State is eleven months, rather than twenty-three months. Regardless of the length of this gap, however, the Court agrees that Docken has stated a sufficient claim to survive a motion to dismiss. The State is correct that "[g]enerally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999); *see also Smith v. Allina Health Sys., Inc.*, 302 F.3d 827, 832-34 (summarizing Eighth Circuit law on this issue). The State, however, cites to no case requiring that the additional evidence be produced with an employee's **complaint**. Indeed, every decision cited by the State dealt with either a summary judgment motion or a post-trial motion for judgment as a matter of law. In all of those cases, the plaintiffs had an opportunity to conduct discovery and support their claims with either direct or circumstantial evidence. The State offers no

persuasive explanation for why Docken should not have that opportunity as well. Accordingly, the State's motion to dismiss is denied as to Docken's FMLA claim.[4]

## III. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Docken conceded at the hearing that her claim for negligent infliction of emotional distress is barred by the Eleventh Amendment. *See Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000); *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985). The Court agrees. Accordingly, this claim is dismissed with prejudice.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the State's Motion to Dismiss [Docket No. 2] is **GRANTED in part** and **DENIED in part** as follows:

1. The State's motion is **GRANTED** as to Docken's claim for negligent infliction of emotional distress. That claim is **DISMISSED with prejudice**.

2. The State's motion is **DENIED** as to Docken's claim under the FMLA.

DATED: April 22, 2009　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] In its reply brief, the State includes a footnote briefly suggesting that the question of whether a lawsuit qualifies as protected activity under the FMLA is "unsettled." (Reply Mem., Docket No. 11, at 3 n.1, citing *Boyd v. City of E. St. Louis*, No. 06-006, 2006 WL 1891925, at *2 (S.D. Ill. July 10, 2006).) Because this issue was raised for the first time in the State's reply brief, Docken has not had an opportunity to respond. Thus, this Court declines to consider this issue in the present motion. *See Bearden v. Lemon*, 475 F.3d 926, 930 (8th Cir. 2007).